```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Richard Paul Meldrem

    v.                                      Civil No. 16-cv-156-JL
                                              Opinion No. 2017 DNH 096

Carolyn W. Colvin,
Acting Commissioner,
Social Security Administration


**ORDER ON APPEAL**

    Richard Paul Meldrem has appealed the Social Security Administration's ("SSA") denial of his application for a period of disability and disability insurance benefits. An administrative law judge at the SSA ("ALJ") ruled that, despite the severe impairments of "degenerative disc disease of the lumbar spine and degenerative joint disease bilateral ankles status post remote surgery," Meldrem retains the residual functional capacity ("RFC") to perform jobs that exist in significant numbers in the national economy, and thus is not disabled. See 20 C.F.R. §§ 404.1505(a), 416.905(a). The Appeals Council later denied Meldrem's request for review, see id. § 404.967, with the result that the ALJ's decision became the final decision on his application, see id. § 404.981. Meldrem then appealed the decision to this court, which has jurisdiction under 42 U.S.C. § 405(g) (Social Security).

Meldrem has moved to reverse the decision, see L.R. 9.1(b), contending that the ALJ erred: (1) in his evaluation of the medical evidence from Meldrem's treating physician and the State agency reviewer; (2) in his evaluation of Meldrem's subjective complaints and credibility; and (3) at step five of the process by relying on testimony from the Vocational Expert absent evidence about the transferability of Meldrem's skills. The Acting Commissioner of the SSA has cross-moved for an order affirming the ALJ's decision. See L.R. 9.1(e). After careful consideration, the court grants Meldrem's motion to reverse (and denies the Acting Commissioner's motion to affirm) the ALJ's decision.

I. **Applicable legal standard**

The court limits its review of a final decision of the SSA "to determining whether the ALJ used the proper legal standards and found facts upon the proper quantum of evidence." Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000). The court will uphold the ALJ's decision if it is supported by "such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). Though the evidence in the record may support multiple conclusions, the court will still uphold the ALJ's findings "if a reasonable mind, reviewing the evidence

in the record as a whole, could accept it as adequate to support his conclusion." Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991).

II. **Background**[1]

The ALJ invoked the requisite five-step sequential evaluation process in assessing Meldrem's request for disability and disability insurance benefits. See 20 C.F.R. § 416.920. After determining that Meldrem had not engaged in substantial gainful activity after the alleged onset date of his disability, March 31, 2012, the ALJ analyzed the severity of Meldrem's impairments. At this second step, the ALJ concluded that Meldrem had severe impairments: degenerative disc disease of the lumbar spine and degenerative joint disease bilateral ankles status post remote surgery.[2]

At the third step, the ALJ found that Meldrem's severe impairments did not meet or medically equal the severity of one of the impairments listed in the Social Security regulations. See 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. After

---

[1] The court recounts here only those facts relevant to the instant appeal. The parties' more complete recitation in their Joint Statement of Material Facts (document no. 12) is incorporated by reference. See L.R. 9.1(d).

[2] Admin. R. at 23.

reviewing the medical evidence of record, Meldrem's own statements, and the opinions, among others, of Meldrem's treating physician, Dr. Ajay Sharma, and a non-examining state agency physician, Dr. Jonathan Jaffe, the ALJ concluded that, Meldrem retained the RFC to perform light work, "except that he can lift and carry 20 pounds occasionally and 10 pounds frequently, can stand and walk for 3 hours in an 8 hour day and sit for 6 hours in an 8 hour day, can use his hands and feet without limitation and can occasionally perform postural activities."[3] Finding that, even limited in this manner, Meldrem was able to perform jobs that exist in significant numbers in the national economy, the ALJ concluded his analysis and found that Meldrem was not disabled within the meaning of the Social Security Act.

### III. Analysis

Among other arguments, Meldrem contends that ALJ erred when he "accorded substantial weight" to the opinion of Dr. Jaffee, the state agency physician who reviewed Meldrem's medical records, but did not examine or treat him.[4] The ALJ afforded that weight to Dr. Jaffe's opinion, and adopted that opinion in

---

[3] Id. at 14-16.

[4] Admin. R. at 29.

4

significant part into Meldrem's RFC,[5] on the sole basis that the opinion was "consistent with the objective clinical and test findings documented in the evidence of record."[6]

Dr. Jaffe conducted his review on the record as it existed on October 9, 2013. Dr. Jaffe did not, therefore, review several records created after that date -- including a January 16, 2014 neuro-surgical evaluation, a June 12, 2014 EMG test, documentation of epidural steroid injections given to Meldrem on November 12, 2014, and records from the PainCare Centers of Merrimack dated December 16, 2014.[7] Meldrem contends that the ALJ erred by according "substantial weight" to Dr. Jaffe's opinion, on the basis that it was consistent with the medical evidence of record, when Dr. Jaffe did not review the entire record.

"[I]t 'can indeed be reversible error for an administrative law judge to rely on an RFC opinion of a non-examining consultant when the consultant has not examined the full medical record.'" Brown v. Colvin, 2015 DNH 141, 6-7 (quoting Ferland v. Astrue, 2011 DNH 169, 11 (McAuliffe, J.)). Of course, "the

---

[5] Compare Admin. R. at 24, with Admin R. at 86-87.

[6] Admin. R. at 29.

[7] Admin. R. at 310-14, 345-47, 358, 361-64.

5

fact that an opinion was rendered without the benefit of the entire medical record does not, in and of itself, preclude an ALJ from giving significant weight to that opinion." [Coppola v. Astrue, 2014 DNH 33, 23-24](). An ALJ may yet rely on such an opinion "where the medical evidence postdating the reviewer's assessment does not establish any greater limitations, or where the medical reports of claimant's treating providers are arguably consistent with, or at least not 'clearly inconsistent' with, the reviewer's assessment." [Ferland, 2011 DNH 169 at 11]() (internal citations omitted).

Here, the ALJ relied on Dr. Jaffe's opinion on the grounds that it was "consistent with the objective clinical and test findings documents in the evidence of record."[8] It is unclear whether the ALJ included the evidence post-dating Dr. Jaffe's assessment in that rather cursory exposition. Nor did the ALJ more specifically address whether the evidence post-dating Dr. Jaffe's review established any greater limitations or was even arguably consistent with Dr. Jaffe's assessment. [Cf. Brown, 2015 DNH 141, 7-8]() (affirming ALJ's reliance on non-examining medical source where ALJ found post-dating evidence "remain[ed] consistent with the record in its entirety");

---

[8] Admin. R. at 29.

6

Ferland, 2011 DNH 169, 12 (affirming ALJ's reliance on non-examining medical source where ALJ concluded that the opinion was consistent with the post-dating evidence). Because the ALJ accorded substantial weight to, and in large part adopted, the opinion of Dr. Jaffe without clearly addressing its consistency (or lack thereof) with the evidence post-dating that opinion, the court reverses the ALJ's decision and remands this case to the SSA for further consideration.

**IV. Conclusion**

Finding that the ALJ erred in his treatment of Dr. Jaffe's opinion, the court need not -- and therefore does not -- address Meldrem's other arguments.[9] Meldrem's motion to reverse the SSA's decision[10] is GRANTED and the Acting Commissioner's motion

---

[9] Though the court need not determine whether, in this case, the ALJ improperly discounted the opinion of Meldrem's treating physician, it does find troubling the ALJ's unsupported speculation as to that physician's motives. See Admin. R. at 28. Other courts have likewise expressed reservations about an ALJ's treating-physician analysis in light of similarly-worded speculation. See Halla v. Colvin, No. 15-CV-30021-KAR, 2016 WL 234802, at *5 (D. Mass. Jan. 20, 2016); Gagnon v. Colvin, No. 1:15-CV-273-DBH, 2016 WL 403063, at *4 (D. Me. Jan. 13, 2016), report and recommendation adopted, No. 1:15-CV-273-DBH, 2016 WL 409674 (D. Me. Feb. 2, 2016).

[10] Document no. 8.

to affirm[11] is DENIED.  The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  May 23, 2017

cc:  Raymond J. Kelly, Esq.
     T. David Plourde, AUSA

---

[11] Document no. 10.